

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Sce*
*Sec. 23. 94*
*Education code*

Honorable C. Z. Rigby
County Auditor, Uvalde County
c/o H. H. Carmichael,
County Clerk
Uvalde, Texas

Dear Sir:

Opinion No. O-4563
Re: Under Article 2792, Vernon's
Annotated Civil Statutes, is it
compulsory for the County Tax
Assessor-Collector to collect taxes
for an independent school district
when the district requests him to do
so, and another question?

Your letter requesting the opinion of this department
on the questions stated therein reads in part as follows:

"I would appreciate an answer to the following questions, which have arisen in this County:

"1st. Under Art. 2792, Vernon's Annotated Texas Statutes, is it compulsory for the County Tax Assessor-Collector to collect taxes for an Independent School District, when the District requests him to do so?

"2nd. Does the Commissioners' Court have any authority to require the County Tax Collector to collect said taxes for said Independent School District, where it has been requested by the District?"

Article 2792, Vernon's Annotated Civil Statutes,
provides:

"When a majority of the board of trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be

Hon. C. I. Rigby, page 2

assessed and collected by such county officers and turned
over to the treasurer of the independent school district
for which such taxes have been collected. The property
of such district having their taxes assessed and collected
by the county assessor and collector may be assessed at
a greater value than that assessed for county and State
purposes, and in such cases the county tax assessor and
collector shall assess the taxes for said district on
separate assessment blanks furnished by said district,
and shall prepare the roll for said district in accordance
with the assessment values which have been equalized by a
board of equalization appointed by the board of trustees
for that purpose. If said taxes are assessed by special
assessor of the independent district and are collected
only by the county tax collector, the county tax collector
in such cases shall accept the rolls prepared by the special
assessor and approved by the board of trustees as provided
in the preceding article. When the county assessor and
collector is required to assess and collect the taxes of
independent school districts he shall respectively receive
one per cent (1%) for assessing, and one per cent (1%) for
collecting the same."

We think that the answer to your first question depends
upon the proper construction of the above mentioned statute. It
will be noted that the statute provides that when a majority of
the board of trustees of an independent district prefer to have
the taxes of their district assessed and collected by the county
assessor and collector, or collected only by the county tax
collector, same shall be assessed and collected by said county
officers and turned over to the treasurer of the independent
school district for which such taxes have been collected. To
determine the proper construction to be placed upon the above
statute, we must decide whether or not the provisions of such
statute are mandatory or directory, or merely permissive.

It is stated in Texas Jurisprudence, Vol. 39, page 32:

"A statute or statutory provision may be mandatory
or directory, or merely permissive. A mandatory provision
is one which, if not followed, renders the proceeding to
which it relates illegal and void, while a directory pro-
vision is one, the observance of which is not necessary to

Hon. C. L. Rigby, page 3

the validity of the proceeding. A provision is directory when it contains mere matter of direction, not of the essence of the thing to be done, but designed merely to procure its proper, orderly and prompt performance. On the other hand, a negative provision - one which commands that a certain thing shall not be done - is usually mandatory.

"But there is no absolute test or infallible rule by which a mandatory statute or provision may be distinguished from one which is merely directory. In each case, the question is one of statutory construction, to be judicially determined according to the intent of the Legislature from a consideration of the entire statute, its nature, object and subject-matter, and the consequences that will result from a particular construction. An act or provision that clearly discloses an intent on the part of the Legislature that it should be mandatory will be given that effect. On the other hand, one which reveals no such intent or purpose will be construed as directory."

It is further stated in Texas Jurisprudence, Vol. 39, page 36:

"Doubtless a court will have regard to the language used in a statute or provision thereof in determining whether it is mandatory or merely directory. Words of permissive or mandatory character will ordinarily be given their natural effect, but when there is room for construction permissive words will be given a mandatory significance or mandatory words will be held to be directory as appears to be necessary to effectuate the legislative intent.

"The words 'may' and 'shall' are frequently used interchangeably, and the use of one or the other of these words in a statute is not conclusive of the question whether it should be construed as mandatory or discretionary. Ordinarily, 'shall' or 'must' is of mandatory effect; but a statute is sometimes held to be directory notwithstanding the use of the word 'shall.' Thus where no right or benefit depends upon its imperative use, the word 'shall' is held to be merely directory and as having been used in the sense of 'may.' On the other hand, 'may' ordinarily connotes discretion or permission; and it will not be treated as a word of command unless there is something in the context or subject-matter of the act to indicate that it was used in that sense."

Hon. C. E. Rigby, page 4

As above stated, when a majority of the board of trustees in an independent district prefer to have the taxes in their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district for which such taxes have been collected. We think the word 'shall' as used in this provision of the statute is of mandatory effect. Therefore, we answer your first question in the affirmative.

As we have answered your first question in the affirmative we do not deem it necessary to pass upon your second question.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

AW:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN